# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Subpoena matter in** | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. 18-185 |
| | ) |
| SHAWN MALLORY, | ) |
| | ) |
| Defendant | ) |
| | ) |

## MOTION TO QUASH SUBPOENA

The Pretrial Services Agency ("PSA"), by and through undersigned counsel, respectfully moves to quash the subpoenas issued in this matter. A proposed order consistent with this motion is attached.

## FACTUAL BACKGROUND

On December 7, 2018, the PSA received a subpoena purportedly issued in a criminal case now pending in the Superior Court for the District of Columbia, *United States v. Mallory*, 2016 CF2 13023. A copy of the subpoena is attached as Exhibit A. This subpoena matter was removed to this Court, consistent with *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-15 (D.C. Cir. 1995). *See* ECF No. 1. The subpoena is unenforceable and should be quashed as federal agencies are immune from subpoena demands arising out of state-court actions, irrespective of whether the subpoena issued from a state court or federal court.

## ARGUMENT

The subpoena served on the PSA is unenforceable as federal agencies are immune from subpoena demands arising out of state-court actions, irrespective of whether the subpoena issues from a state court or a federal court. *See Houston Bus. Journal, Inc. v. Office of Comptroller of*

*Currency*, 86 F.3d 1208, 1212-13 (D.C. Cir. 1996).[1] This Court therefore lack subject matter jurisdiction to issue or enforce the subpoenas.

State-court litigants like Mr. Mallory cannot bypass the limitations on the subpoena powers of a state court. *See Houston Bus. Journal*, 86 F.3d at 1213 (noting that "the federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others").[2] The jurisdiction of the federal courts is limited and their subpoena power is properly exercised only:

1. when the federal court has subject matter jurisdiction over the underlying action;

2. under circumstances in which an action is otherwise cognizable in a federal court, *see, e.g.*, Fed. R. Civ. P. 27(a); or

3. when the subpoena is "necessary for [a federal] court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter."

*See id.* (quoting *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988)). None of those circumstances applies here. Moreover, because this Court's jurisdiction in a removed action is derivative of the Superior Court's jurisdiction, this Court cannot order the disclosure of materials unless the Superior Court would have jurisdiction to enter such an order. *Id.* at 1212; *see Santini v. Herman*, 456 F. Supp. 2d 69, 71 (D.D.C. 2006).

As Mr. Mallory seeks to compel testimony and production of documents from the PSA, the proper procedure is to make an administrative request in accordance with the PSA's *Touhy*

---

[1] "The courts of the District of Columbia are treated as 'state' courts for removal purposes." *Houston Bus. Journal*, 86 F.3d at 413 n.3 (citing *Palmore v. United States*, 411 U.S. 389, 395 n.5 (1973)); *see also* 28 U.S.C. § 1451(1).

[2] In contrast, a federal-court litigant can of course seek to obtain production of documents from a federal agency by means of a federal subpoena because the United States has waived its sovereign immunity in federal-court actions. *See* 5 U.S.C. § 702. In such a case, neither the Federal Housekeeping Statute, 5 U.S.C. § 301, nor the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), authorizes a federal agency to withhold documents. *See Houston Bus. Journal*, 86 F.3d at 1212 (quoting *Exxon Shipping Co. v. U.S. Dep't of the Interior*, 34 F.3d 774, 777-78 (9th Cir. 1994)).

regulations, not to issue subpoenas from the Civil Division of the Superior Court of the District of Columbia. *See* 36 C.F.R. Part 703.[3] As the D.C. Circuit has stated: "If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Houston Bus. Journal*, 86 F. 3d at 1212 (footnote omitted) (citations omitted); *see also Cavanaugh v. Wainstein*, No. 05-123 (GK), 2007 WL 1601723, at *4 (D.D.C. June 4, 2007). As this Court lacks subject matter jurisdiction over the subpoena and cannot compel the PSA's compliance with it, the subpoena should be quashed.

Dated: Dec. 10, 2018.

        Respectfully submitted,

        JESSIE K. LIU, D.C. Bar No. 472845
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

By:   /s/ *Damon Taaffe*
        DAMON TAAFFE, D.C. Bar No. 483874
        Assistant United States Attorney, Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-2544
        damon.taaffe@usdoj.gov

---

[3] On December 7, 2018, the PSA issued a *Touhy* letter denying plaintiff's request. *See* Exhibit B.

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 10th day of December 2018, the foregoing notice was served on plaintiff's counsel by First Class mail at:

Frederick D. Iverson
717 D Street, NW, Suite 300
Washington, DC 20004
202-253-4541

               By:     /s/   *Damon Taaffe*
                         DAMON TAAFFE, D.C. Bar No. 483874
                         Assistant United States Attorney, Civil Division
                         555 Fourth Street, N.W.
                         Washington, D.C. 20530
                         (202) 252-2544
                         damon.taaffe@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Subpoena matter in** | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. No. |
| | ) |
| SHAWN MALLORY, | ) |
| | ) |
| Defendant | ) |
| | ) |

## [DRAFT] ORDER

Upon consideration of the Motion to Quash the Subpoenas filed by the Pretrial Services Agency, for the reasons set forth in support thereof, and upon consideration of the entire record herein, it is this day of _____, 2018,

ORDERED that the Motion to Quash the Subpoenas is hereby granted and the matter dismissed.

_____
UNITED STATES DISTRICT JUDGE